United States District Court
For the Northern District of California

\*E-FILED: February 15, 2012\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD W. ORSER, Trustee of the Richard W. Orser Trust Dated February 14, 1991,<br><br>    Plaintiff,<br>  v.<br><br>MARION E. MOSIER, DAVID J. MOSIER, and DOES 1 TO 25, inclusive,<br><br>    Defendants.<br>_____/ | No. C12-00328 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE MOTION TO REMAND TO STATE COURT** |

On January 20, 2012, defendant David J. Mosier removed this unlawful detainer case from the Santa Cruz County Superior Court. Plaintiff Richard W. Orser, Trustee of the Richard W. Orser Trust Dated February 14, 1991, moves to remand. Defendant did not file an opposition to the motion, and the time for filing any opposition or response has passed. This court finds the matter suitable for determination without oral argument, and the March 6, 2012 hearing is vacated. CIV. L.R. 7-1(b). For the reasons stated below, the undersigned recommends that plaintiff's motion be granted and that this action be remanded to the state court.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court *shall*

1 make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added).  These
2 removal statutes are strictly construed against removal and place the burden on the defendant to
3 demonstrate that removal was proper.  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241,
4 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).
5 Additionally, the court is under a continuing duty to examine whether it lacks subject matter
6 jurisdiction.  See FED. R. CIV. P. 12(h).

Here, plaintiff points out that removal was untimely under 28 U.S.C. § 1446(b) because it was made more than 30 days after defendant was served with the complaint and summons. See Mot. Exs. A-C.

Even if removal were timely, however, defendant has failed to show that removal is proper on account of any federal substantive law.  The Notice of Removal asserts that plaintiff violated federal law in foreclosing on the property.  Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief.  Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009).  Defenses and counterclaims asserting a federal question do not satisfy this requirement.  Id.  The record indicates that plaintiff's complaint presents claims arising only under state law and does not allege any federal claims whatsoever.  Defendant's allegations in a removal notice or in a response to plaintiff's complaint cannot provide this court with federal question jurisdiction.

Moreover, as a California defendant, Mosier cannot remove this action to federal court under diversity jurisdiction.  28 U.S.C. § 1441(b) (stating that an action is removable for diversity "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"); Spencer v. U.S. Dist. Ct., 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal.").

Because the parties have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Judge.  The undersigned

2

1  further RECOMMENDS that the newly assigned judge grant plaintiff's motion and remand the
2  case to Santa Cruz County Superior Court.  Pursuant to Federal Rule of Civil Procedure 72(b),
3  any party may serve and file objections to this Report and Recommendation within fourteen
4  days after being served.
5       SO ORDERED.
6  Dated: February 15, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  5:12-cv-00328-HRL Notice has been electronically mailed to:

2  Reid Paul Schantz    rps.esq@sasquatch.com

3

4  5:12-cv-00328-HRL Notice sent by U.S. Mail to:

5  David J. Mosier
   14231 Longridge Road
6  Los Gatos, CA 95033